IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES BENOIT, )
)
       Plaintiff, )
)
vs. )   Case No. 12-2092-JAR/KGG
)
MANHATTAN-OGDEN USD 383 )
and DR. PAM RUSSELL, )
)
       Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the court is Defendants' Motion for More Definite Statement. (Doc. 6.) After reviewing the parties' filings, in addition to the Complaint (Doc. 1), the Court **DENIES** the motion.

## BACKGROUND

Plaintiff was previously employed by Defendant School District as a part-time psychologist. He has brought an employment discrimination case against Defendants, alleging an Equal Protection claim pursuant to 42 U.S.C. § 1983 as well as violations of the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Age Discrimination in Employment Act (ADEA), the Kansas Act Against Discrimination (KAAD), and the Kansas Age

1

Discrimination in Employment Act (KADEA).  (*See* Doc. 5.)  Plaintiff complied with the administrative prerequisites by filing an EEOC charge of discrimination and receiving a Notice of Right to Sue from the agency.  (Doc. 5-1.)

In his federal court Complaint, Plaintiff contends he was discriminated against when asked to resign while he was on medical leave receiving cancer treatment.  (Doc. 5, at 2-3.)  More specifically, he contends that while he was on leave, he was asked to resign because another part-time psychologist had requested to go full-time.  (*Id*.)  According to Plaintiff, the other part-time psychologist had made no such request and, as such, he was deceived into resigning.  (*Id*., at 3-4.)  Further, Plaintiff contends he was replaced by an individual under the age of 40 who did not have cancer.  (*Id*., at 4.)

## DISCUSSION

Pursuant to Fed.R.Civ.P. 8(a) and 12(e), Defendants seek an order compelling Plaintiff to amend his Complaint to provide Defendants with a more definite statement of his claims.  Defendants argue that Plaintiff's Amended Complaint contains only "conclusory statements and fails to provide facts to support his claims."  (Doc. 7, at 3.)  They continue that they are uncertain "(1) how plaintiff believes he was discriminated against under the ADA/ADAAA; (2) what rights plaintiff believes were deprived under the Equal Protection Clause – Section

2

1983; and (3) how did Defendant USD 383's actions violate plaintiff's FMLA rights." (*Id*., at 1.)  Plaintiff argues that his Complaint satisfies the notice pleading requirements of Fed.R.Civ.P. 8. (*See* Doc. 11.)  Further, he contends that if Defendants want answers to specific questions, they "should propound discovery on the plaintiff." (*Id*., at 5.)

Fed.R.Civ.P. 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. ***Graham v. Prudential Home Mortgage Co., Inc***., 186 F.R.D. 651, 653 (D.Kan. 1999).  Motions for more definite statement are generally disfavored by the courts and should not be used as methods of pretrial discovery. ***Feldman v. Pioneer Petroleum, Inc***., 76 F.R.D. 83 (W.D. Ok. 1977).

Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. 5A Wright & Miller, ***Federal Practice and Procedure***, §1377 at 618 (1990).  Rule 8(a) sets forth three simple requirements for pleading a complaint: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim

3

showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed.R.Civ.P. 8(e). "The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." *Ramos-Hernandez v. U.S.*, 11-1073-BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir.1989)). "Once a complaint meets these requirements, the defendant is put on notice of the nature of plaintiff's claim." *Equal Employment Opportunity Commission v. General Electric Company*, 370 F.Supp. 1258 (W.D.Va. 1973).

After reviewing Plaintiff's Complaint, the Court finds that it meets the fair notice requirement of Rule 8(a). Plaintiff's Complaint judged by the standards set forth in Rule 12(e) is sufficient to require Defendants to respond. The particular information which Defendants seek at this time does not appear to be necessary or a requisite for the framing of its answer. Defendant can discover the facts on which the plaintiff bases its claim by the discovery devices of Rule 26 thru 37.

IT IS THEREFORE ORDERED that Defendant's Motion for More Definite Statement (Doc. 7) is hereby **DENIED**. Defendant is directed to Answer the Complaint on or before **July 1, 2012**.

Dated at Wichita, Kansas, on this 18th day of June, 2012.

                S/ KENNETH G. GALE
                KENNETH G. GALE
                United States Magistrate Judge